1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SHARON A. URIAS (SBN 180642)
sharon.urias@gmlaw.com
**GREENSPOON MARDER LLP**
1875 Century Park East, Suite 1850
Los Angeles, California 90067
Tel: (480) 306-5458
Fax: (480) 306-5459

JAMEY R. CAMPELLONE (*Pro Hac Vice Anticipated*)
jamey.campellone@gmlaw.com
**GREENSPOON MARDER LLP**
200 East Broward Boulevard, Suite 1800
Fort Lauderdale, Florida 33301
Tel: (954) 527-6296
Fax: (954) 333-4027

*Attorneys for Plaintiffs James Owen and Adrian Russell*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES OWEN, an individual, and ADRIAN RUSSELL, an individual,<br><br>                    Plaintiffs,<br><br>vs.<br><br>ERNIE ALFONSO, an individual, and ROBERT BATCHELOR, an individual,<br><br>                    Defendants. | Case No.<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

For their Complaint against defendants Ernie Alfonso ("Alfonso") and Robert Batchelor ("Batchelor") (collectively, "Defendants"), Plaintiffs James Owen ("Owen") and Adrian Russell ("Russell") (collectively, "Plaintiffs") hereby state and allege as follows:

## NATURE OF THE CASE

1.      This is an action seeking determination of the parties' respective rights to the WICKED EXTREME OFFROAD® trademark, which Alfonso wrongfully and fraudulently registered in the United States Patent and Trademark Office.

2.      Pursuant to 15 U.S.C. § 1119, Plaintiffs seek an Order from this Court canceling Alfonso's United States trademark registration.  Plaintiffs also seek damages arising out of Alfonso's false and fraudulent registration pursuant to 15 U.S.C. § 1120, as well as a declaration of superior trademark ownership rights to confirm their ownership interest and right to use WICKED EXTREME OFFROAD®.

## PARTIES, JURISDICTION AND VENUE

3.      Owen is an individual residing in the state of California, Orange County.  At all relevant times hereto, Owen was and is the President and CEO of Liquid Metal Motorsports, Inc. ("Liquid Metal"), an aftermarket automotive wheel supplier with its principal place of business in Brea, California.

4.      Russell is an individual residing in the People's Republic of China. At all relevant times hereto, Russell was and is the Vice-President of Liquid Metal.

5.      Upon information and belief, at all relevant times hereto, Alfonso is and was an individual residing in Riverside, California and is the CEO of Best Wheels & Tire, LLC ("BWT").

6.       Upon information and belief, at all relevant times hereto, Batchelor is and was an individual residing in Rancho Cucamonga, California and is an employee of BWT.

7.      This Court has subject matter jurisdiction under the Lanham Act, 15 U.S.C. § 1125 et seq. and 28 U.S.C. § 1338(a).

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b) because Defendants reside in this district and a substantial part of the events giving rise to the claims occurred in this district.

9.     This Court has personal jurisdiction over Defendants because they reside in California.  Also, Defendants have availed themselves of the laws of, and directed activities at, the state of California in connection with the wrongful activities alleged in this Complaint.

## ALLEGATIONS COMMON TO ALL CLAIMS

### The Joint Venture

10.     Liquid Metal is an aftermarket automotive wheel manufacturer founded by Owen in 2003.  Since its founding, Liquid Metal has become one of the aftermarket wheel industry's most recognized brands.  Liquid Metal produces a wide variety of stylish custom wheels for cars, trucks, and SUVs.  Liquid Metal wheels are built to exacting standards and feature sturdy, lightweight aluminum construction and an array of finish options.  Liquid Metal is the largest supplier of wheels to the Reinalt-Thomas Corporation d/b/a Discount Tire.

11.     In or about September 13, 2018, Owen became acquainted with Alfonso and Batchelor when they approached Owen about a joint business venture concerning a new brand of wheels they decided to call "Wicked Wheels."

12.     Alfonso and Batchelor needed Owen's industry knowledge, as well as Liquid Metal's business relationship with its alloy wheel manufacturer based in China ("PDW Group"), in order to launch the "Wicked Wheels" brand.  Alfonso and Batchelor also needed Owen's and Liquid Metal's financial backing because BWT, Alfonso, and Batchelor did not have the financial ability to build the "Wicked Wheels" brand (i.e., pay for the wheel molds, manufacture and import the alloy wheels, and build an alloy wheel inventory to be sold in the United States).

13.     Accordingly, Owen, Russell, Alfonso and Batchelor entered into a joint venture to build the "Wicked Wheels" brand together.

14.     In or about September 2018, Owen, Russell, Alfonso and Batchelor verbally agreed that the parties' respective ownership interests in the "Wicked Wheels" joint venture ("WW Joint Venture") would be as follows:

Mr. Owen would own thirty-percent (30%); Mr. Russell would own thirty-percent (30%); Alfonso would own twenty-percent (20%); and Batchelor would own twenty-percent (20%).

### Ownership of WICKED EXTREME OFFROAD®

15.     The parties to the WW Joint Venture—Owen, Russell, Alfonso and Batchelor—agreed that they would manufacture, produce and sell wheels under the trademark WICKED EXTREME OFFROAD®, which would be owned by the WW Joint Venture.

16.     At no point in time did the parties authorize, approve or otherwise agree that Alfonso would be the sole and exclusive owner of WICKED EXTREME OFFROAD®.  To the contrary, at all relevant times hereto, the parties agreed and understood that the WW Joint Venture would own the WICKED EXTREME OFFROAD® trademark, such that each party would own the mark according to their respective ownership percentages in the WW Joint Venture.

### Alfonso's Unlawful Activities

17.     On May 7, 2019, Alfonso filed an application with the United States Patent and Trademark Office ("USPTO") to register WICKED EXTREME OFFROAD® in Class 12 for "vehicle wheel rims," as a Section 1(b) intent to use application.  On November 18, 2020, Alfonso filed a Statement of Use claiming a first use date in commerce of April 1, 2020.  On February 9, 2021, the USPTO issued Reg. No. 6,267,379 to Alfonso for the mark.  A true and correct copy of the registration certificate is attached hereto as Exhibit A.

18.     Upon information and belief, the specimen submitted by Alfonso to the USPTO in connection with the Statement of Use depicted a photograph of a WICKED EXTREME OFFROAD® wheel manufactured, sold and owned by the WW Joint Venture, not Alfonso, individually.

19.     In or around July 2022, the parties became embroiled in a dispute regarding the WW Joint Venture arising out of the misappropriation and diversion

of funds from the sale of the wheels by Alfonso and Batchelor for their own personal benefit. That dispute culminated in a lawsuit pending in Orange County Superior Court, *Best Wheels and Tire, LLC v. Liquid Metal Motorsports, Inc. et al.*, Case No. 30-2022-01288714-CU-BV-CJC, for claims including replevin, breach of contract and breach of the covenant of good faith and fair dealing.

20.    Additionally, on August 10, 2022, Alfonso sent a cease and desist letter to Owen asserting that "Mr. Alfonso is the owner of the well-established brand 'Wicked Extreme Offroad,' used with vehicle rims, with U.S. Trademark Registration No. 6,267,379 . . ." The letter claimed that Alfonso was the exclusive owner of WICKED EXTREME OFFROAD® and that "Mr. Alfonso has developed a strong degree of customer satisfaction and good will for the Mark." A true and correct copy of the letter is attached hereto as Exhibit B.

21.    Mr. Alfonso further claimed that he "licensed" the right to use the mark to Owen and Liquid Metal, failing utterly to mention the WW Joint Venture, and demanded that Owen and Liquid Metal cease and desist from, *inter alia*, all use of WICKED EXTREME OFFROAD®.

22.    Accordingly, Owen and Russell now seek relief from this Court to confirm their rights in WICKED EXTREME OFFROAD®.

## FIRST CLAIM FOR RELIEF

### (Cancellation of United States Trademark Registration)

### (15 U.S.C. § 1119)

### (Against Alfonso)

23.    Plaintiffs repeat and reallege each and every allegation contained in the above paragraphs of this Complaint as though fully set forth herein.

24.    Alfonso, individually, never used WICKED EXTREME OFFROAD®, U.S. Reg. No. 6,267,379, in connection with the offering of any goods or services in commerce. Accordingly, the registration is subject to cancellation.

25.    As additional grounds for cancellation, Alfonso made sworn

misrepresentations to the USPTO that he was entitled to use in commerce the mark and that he was the owner of the mark.  And, the specimen allegedly demonstrating "use" of the mark actually shows use of the mark in commerce by the WW Joint Venture, not Alfonso, individually.

26.     Those statements were false at the time they were made and remain false.  At no relevant time did Alfonso have any right, individually, to use the mark or claim exclusive ownership rights in the mark.

27.     Upon information and belief, at the time Alfonso made the misrepresentations to the USPTO, he knew them to be false; however, he made the misrepresentations with the specific intent to deceive and mislead the USPTO into approving the application to register WICKED EXTREME OFFROAD®.

28.     In reasonable reliance on the sworn misrepresentations regarding ownership and entitlement to use, the USPTO allowed the application and issued U.S. Reg. No. 6,267,379 to Alfonso.   If Alfonso had not made the misrepresentations, as set forth herein, the USPTO would not have approved the application, and, indeed, would have been precluded by statute from doing so.

29.     The issuance of the registration creates a presumption of validity of the mark, directly undermining the rights of Plaintiffs, as members of the WW Joint Venture, in the mark, and the continued existence of Alfonso's trademark registration casts a cloud upon Plaintiffs' right to continue to use and expand the use of WICKED EXTREME OFFROAD®, pursuant to their respective ownership interests in the WW Joint Venture, the rightful owner of the mark.  Such registration would thus be a source of damage and injury to Plaintiffs, who offer goods for sale under the WICKED EXTREME OFFROAD® mark.

30.     Therefore, pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119, Plaintiffs respectfully requests that the Court order the WICKED EXTREME OFFROAD® registration to be cancelled.

//

**SECOND CLAIM FOR RELIEF**

**(Civil Liability for False or Fraudulent Trademark Registration)**

**(15 U.S.C. § 1120)**

**(Against Alfonso)**

31.     Plaintiffs repeat and reallege each and every allegation contained in the above paragraphs of this Complaint as though fully set forth herein.

32.     Alfonso, individually, never used WICKED EXTREME OFFROAD®, U.S. Reg. No. 6,267,379, in connection with the offering of any goods or services in commerce. Nevertheless, Alfonso made sworn misrepresentations to the USPTO that he was entitled to use in commerce the mark and that he was the owner of the mark.  Those statements were false at the time they were made and remain false. At no relevant time did Alfonso have any right, individually, to use the mark or claim exclusive ownership rights in the mark. Indeed, the specimen allegedly demonstrating "use" of the mark actually shows use of the mark in commerce by the WW Joint Venture, not Alfonso, individually.

33.     Upon information and belief, at the time Alfonso made the misrepresentations to the USPTO, he knew them to be false; however, he made the misrepresentations with the specific intent to deceive and mislead the USPTO into approving the application to register WICKED EXTREME OFFROAD®.

34.     In reasonable reliance on the sworn misrepresentations regarding ownership and entitlement to use, the USPTO allowed the application and issued U.S. Reg. No. 6,267,379 to Alfonso.  If Alfonso had not made the misrepresentations, as set forth herein, the USPTO would not have approved the application, and, indeed, would have been precluded by statute from doing so.

35.     The issuance of the registration creates a presumption of validity of the mark, directly undermining the rights of Plaintiffs, as members of the WW Joint Venture, in the mark, and the continued existence of Alfonso's trademark registration casts a cloud upon Plaintiffs' right to continue to use and expand the use of WICKED EXTREME OFFROAD®, pursuant to their respective ownership

interests in the WW Joint Venture, the rightful owner of the mark.

36.    As a direct and proximate result, Plaintiffs have been damaged in an amount to be determined at trial.

### THIRD CLAIM FOR RELIEF

**(Declaratory Judgment of Trademark Rights**

**and No Violation of the Lanham Act)**

**(Against Alfonso and Batchelor)**

37.    Plaintiffs repeat and reallege each and every allegation contained in the above paragraphs of this Complaint as though fully set forth herein.

38.    A dispute and actual controversy has arisen among Plaintiffs, Alfonso and Batchelor as to the respective rights of the parties regarding the questions of whether: (i) Owen and Russell each own 30% of WICKED EXTREME OFFROAD®, based on their respective ownership interests in the WW Joint Venture; and (ii) because of Plaintiffs' ownership interests in WICKED EXTREME OFFROAD®, they cannot be liable to Defendants for any claims arising under the Lanham Act, including but not limited to, 15 U.S.C. §§ 1114, 1117, 1125 and the remedies provided thereunder.

39.    Accordingly, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, Plaintiffs seeks an Order from this Court declaring that:  (i) Owen and Russell each own 30% of the WICKED EXTREME OFFROAD® trademark; and (ii) Plaintiffs' use of WICKED EXTREME OFFROAD® does not violate the Lanham Act, including but not limited to, 15 U.S.C. §§ 1114 and 1125; and (iii) Defendants are not entitled to any of the remedies provided under 15 U.S.C. 1114, 1117 and/or 1125.

40.    A judicial determination is necessary and appropriate at this time and under the circumstances so that the parties may ascertain their rights and duties.

41.    Plaintiffs further requests an award of its reasonable attorneys' fees and costs pursuant to the "exceptional case" standard of 15 U.S.C. § 1117(a).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray for judgment as follows:

A.    For judgment in its favor on each and every claim for relief set forth in the Complaint;

B.    For damages in an amount to be proven at trial;

C.    For Cancellation of U.S. Reg. No. 6,267,379;

D.    For an Order declaring:

        i.    Owen and Russell each own 30% of the WICKED EXTREME OFFROAD® trademark;

        ii.    Plaintiffs' use of WICKED EXTREME OFFROAD® does not violate the Lanham Act, including but not limited to, 15 U.S.C. §§ 1114 and 1125; and

        iii.    Defendants are not entitled to any of the remedies provided under 15 U.S.C. 1114, 1117 and/or 1125.

E.    For attorneys' fees under 15 U.S.C. § 1117(a);

F.    For costs of this suit; and

G.    For such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury.

Dated:  January 13, 2023

**GREENSPOON MARDER LLP**

By */s/ Sharon A. Urias*
      Sharon A. Urias
      *Attorneys for Plaintiffs James Owen and*
      *Adrian Russell*